UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| MICHAEL J. JONES, JR. |
|                Plaintiff, |
| v. |
| BETH ISRAEL HOSPITAL, |
|                Defendant. |

Case No. 1:17-cv-03445-GHW

## DEFENDANT BETH ISRAEL MEDICAL CENTER s/h/a BETH ISRAEL HOSPITAL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6)

AARONSON RAPPAPORT<br>
FEINSTEIN & DEUTSCH, LLP<br>
<em>Attorneys for Defendant</em><br>
BETH ISRAEL MEDICAL CENTER<br>
s/h/a BETH ISRAEL HOSPITAL<br>
600 Third Avenue<br>
New York, New York 10016<br>
(212) 593-6700<br>
Our File No.: 18.684

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................3

PRELIMINARY STATEMENT..........................................................................................6

STATEMENT OF FACTS AND PLAINTIFF'S ALLEGATIONS...................................7

STANDARD OF REVIEW .................................................................................................8

ARGUMENT ......................................................................................................................11

    I.   PLAINTIFF'S CLAIMS HAVE NOT BEEN PLED WITH SUFFICIENT PARTICULARITY AND SHOULD THEREFORE BE DISMISSED PURSUANT TO RULE 12(B)(6)..........11

       A. Plaintiff's claim based on 42 U.S.C. § 1983 must be dismissed because Defendant is not a state actor…………………………………………………………...12

       B. Plaintiff has failed to state a cause of action for his medical malpractice claims against Defendant…………………………………………………………….....14

       C. Plaintiff cannot establish a prima facie case based on medical malpractice without expert testimony……………………………………………………………….15

    II. LEAVE TO AMEND WOULD BE FUTILE………………………………………..15

CONCLUSION .................................................................................................................. 16

# TABLE OF AUTHORITIES

Cases

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
    526 U.S. 40, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)......................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662; 129 S.Ct. 1937 (2009).................................................6, 9, 10, 11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 1966 (2007)..........................................9, 10

*Blum v. Yaretsky*,
    457 U.S. 991 (1982)..........................................................................13

*Burgess v. Goord*,
    No. 98-cv-2077, 1999 WL 33458 (S.D.N.Y. Jan. 26, 1999)..........................11

*Chance v. Armstrong*
    143 F.3d 698, 701 (2d Cir. 1998)..........................................................8

*Chavis v. Chappius*,
    618 F.3d 162 (2d Cir. 2010).................................................11, 13, 14, 15

*Cuoco v. Moritsugu*,
    222 F.3d 99 (2d Cir. 2000)..................................................................16

*DeCicco v. Roberts*,
    202 A.D.2d 165 (1st Dept., 1994)..........................................................15

*ECOR Solutions, Inc. v. Malcolm Pirnie, Inc.*, No. 02 Civ. 1103 (N.D.N.Y. 2005)...............8

*Estevez v. City of New York*,
    No. 16-cv-0073 (JGK), 2017 WL 1167379 (S.D.N.Y. Mar. 28, 2017)..................11

*Fabrikant v. French*,
    691 F.3d 193, 207 (2d Cir. 2012)..........................................................12

*Gibson v. D'Amico*,
    97 A.D.2d 905 (3rd Dep't. 1983)............................................................15

*Goldman v. Belden*,
    754 F.2d 1059, 1067 (2d Cir. 1985).......................................................8

*Graham v. Henderson*,
    89 F.3d 75, 79 (2d Cir. 1996) ..............................................................9

*Gregory v. Daly*, 243 F.3d 687, 692 (2d Cir. 2001)..................................................................10

*Heicklen v. United States Dep't of Homeland Sec.*,
    2011 U.S. Dist. LEXIS 97450 (S.D.N.Y. Aug. 30, 2011).....................................13

*Hogan v. A.O. Fox Memorial Hosp.*,
    346 Fed. App'x. 627, 629 (2d Cir. 2009)..............................................................13

*Kaplan v. New York State Dep't of Corr. Servs.*
    No. 99-cv-5856 (JGK), 2000 WL 959728 (S.D.N.Y. July 10, 2000).....................11

*Leeds v. Meltz*,
    85 F.3d 51, 53 (2d Cir. 1996)..................................................................................9

*Liburd v. Bronx Leb. Hosp. Ctr*,
    2008 U.S. Dist. Lexis 62867 (S.D.N.Y. Aug. 18, 2008).......................................13

*Lyons v. McCauley*,
    252 A.D.2d 516, 517, 675 N.Y.S.2d 375 (2d Dep't 1998)....................................14

*McDermott v. Manhattan Eye, Ear and Throat Hospital*,
    255 N.Y.S.2d 65 (1964)........................................................................................15

*Morse v. City of New York*,
    2001 U.S. Dist. LEXIS 12795 (S.D.N.Y. Aug. 23, 2001).....................................13

*Naughright v. Weiss*, 857 F. Supp. 2d 462, 474 (S.D.N.Y. 2012)...................................14

*Nieves v. City of New York*, A.D.2d 938 (1st Dept., 1983)............................................15

*Rendell—Baker v. Kohn*,
    457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982)..............................12

*Rodriguez v. Cnty. of Westchester*
    2017 U.S. Dist. LEXIS 3892 (S.D.N.Y. 2017)......................................................14

*Ross v. United States*
    2016 U.S. Dist. LEXIS 132877 (N.D.N.Y. 2016)..................................................14

*Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc.*,
    748 F.2d 774, 779 (2d Cir. 1984)............................................................................8

*Sykes v. James*
    13 F.3d 515, 519 (2d Cir. 1993)............................................................................12

*Thomas v. Beth Israel Hospital, Inc.*,
    710 F.Supp. 935 (S.D.N.Y. Mar. 20, 1989)..................................................13

*Tocker v. Philip Morris Cos., Inc.*,
    470 F. 3d 481, 491 (2d Cir. 2006).............................................................15

*Torres v. City of New York*,
    154 F. Supp. 2d 814, 819 (S.D.N.Y. 2001)................................................14

*Vicioso v. Pisa Bros., Inc.*,
    1998 U.S. Dist. LEXIS 9729 (S.D.N.Y. July 1, 1998).................................15

<u>Statutes</u>

Fed. R. Civ. P. 12(b)(6)....................................................................6, 8, 14

42 U.S.C. § 1983..............................................................................*passim*

Fed. R. Civ. P. 1....................................................................................7, 8

Defendant BETH ISRAEL MEDICAL CENTER s/h/a BETH ISRAEL HOSPITAL (hereinafter "Defendant") respectfully submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint of Plaintiff Michael J. Jones, Jr. ("Plaintiff") filed on May 8, 2017.

## PRELIMINARY STATEMENT

Plaintiff has failed to state a claim upon which any relief can be granted. Therefore, and as will be argued, Plaintiff's Complaint must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint consists of conclusory allegations that "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff generally claims that Defendant violated his rights under 42 U.S.C. § 1983 by discharging him from Beth Israel Medical Center ("BIMC")[1] without treatment on or about March 6 and 7, 2017. See ¶II.D of the Complaint, annexed as **Exhibit "A."** Construing the complaint as liberally as possible, the pro se Plaintiff also generally alleges that the Defendant committed medical malpractice. See id.

Plaintiff has failed to meet the most basic pleading standard even when his Complaint is viewed in the light most favorable to Plaintiff. With respect to the allegations raised pursuant to 42 U.S.C. § 1983, the Defendant is not a "state actor" and did not act "under color of state law" and thus cannot be liable under Plaintiff's cause of action based on 42 U.S.C. § 1983. With respect to the medical malpractice claim, Plaintiff has not provided a sufficient level of factual substance demonstrating that he is entitled to the relief demanded. Moreover, Plaintiff cannot sustain a cause of action based on medical malpractice without retaining an expert. In addition, should the Court grant the Defendant's motion to dismiss the 42 U.S.C. § 1983 claim, the Court

---

[1] Defendant is erroneously named as Beth Israel Hospital in Plaintiff's Complaint.

would lack jurisdiction over a medical malpractice claim.

## STATEMENT OF FACTS AND PLAINTIFF'S ALLEGATIONS
## AS TO DEFENDANT

According to Plaintiff's Complaint (**Exhibit "A"**), Mr. Jones was allegedly brought into the emergency room of BIMC approximately between March 6, and 7, 2017 because hot coffee was thrown in his face by an MTA worker. See ¶¶II.C.-D. of the Complaint, **Exhibit "A."** Plaintiff alleges that he told the doctor treating him that he was suicidal and homicidal. See ¶II.D. of the Complaint, **Exhibit "A."** Plaintiff further alleges that he was discharged without treatment, after which the unnamed doctor purportedly had someone come and speak to Plaintiff about why and how he was feeling. Id.

Plaintiff alleges that he was discharged without medical treatment for his mental state and because of that his goal was to hurt a police officer. Id. Plaintiff further alleges that he wanted to commit suicide by NYPD that day on the same day that he was purportedly forced out of the hospital. Id.

Plaintiff alleges that since he was not medicated, he assaulted three NYPD officers, and was assaulted multiple times by them. See ¶III. of the Complaint, **Exhibit "A."** The Plaintiff fails to mention what he was doing when the NYPD officers attempted to place him under arrest. Plaintiff further alleges that even when the officers had him handcuffed, they continued to assault him. Id.

Plaintiff generally claims that Defendant violated his rights under 42 U.S.C. § 1983 by discharging him from BIMC without treatment approximately between March 6, 2017 and March 7, 2017. See ¶II.D of the Complaint, annexed as **Exhibit "A."** Construing the complaint as liberally as possible, the pro se Plaintiff also generally alleges that the Defendant committed medical malpractice. See id.

## STANDARD OF REVIEW PURSUANT TO RULE 12(B)(6)

Federal Rule of Civil Procedure ("FRCP") 1 dictates that courts should pursue "just, speedy, and inexpensive" resolution of lawsuits. Fed. R. Civ. P. 1. To that end, FRCP 12 permits a defendant to move to dismiss a lawsuit where the Plaintiff cannot state a claim as a matter of law. Fed. R. Civ. P. 12(b)(6); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court") (internal quotation omitted).

Pursuant to FRCP 12(b)(6), a court must accept all allegations in a complaint as true when considering a motion to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6); *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Notwithstanding the foregoing, it is "well settled that conclusory allegations merely stating general legal conclusions necessary to prevail on the merits of a claim, unsupported by factual averments will not be accepted as true." *ECOR Solutions, Inc. v. Malcolm Pirnie, Inc.*, No. 02 Civ. 1103 (N.D.N.Y. 2005).

The court must assess the legal feasibility of the complaint and determine whether a plaintiff has pled claims for which he or she is entitled to discovery. *See Chance*, 143 F.3d at 701; *see also Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

To survive a motion to dismiss under FRCP 12(b)(6) a complaint must state the "grounds of [the claimant's] entitlement to relief [which] requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 556; *see Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) ("[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice"); *see also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("wholly conclusory" allegations "can be dismissed on the pleadings alone"); *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009) (a complaint does not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement'").

Stated differently, a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. Factual pleadings that are "no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.

Legal conclusions "must be supported by factual allegations" to survive dismissal. *Iqbal*, 556 U.S. at 679. The plausibility standard requires the complaint to allege "enough fact to raise a reasonable expectation that discovery will reveal" evidence of alleged wrongdoing. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted). Accordingly, the complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To meet this standard, Plaintiff must "nudge their claims across the line from conceivable to plausible." *Id.* at 570. The plausibility standard ensures that litigation costs are kept in check by ensuring that only well-pled claims are subject to discovery.

*Twombly* extended the plausibility standard in *Ashcroft v. Iqbal* to apply to claims for relief in all federal civil actions. In *Ashcroft v. Iqbal*, the Court stated that "[a] claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678 (*citing Twombly* 550 U.S. at 556-67).

The United States Supreme Court held in *Ashcroft v. Iqbal* that courts should consider a motion to dismiss in accordance with two prongs:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1951.

Under *Iqbal* and *Twombly*, "threadbare recitals of the elements of a cause of action" supported by conclusory allegations are not entitled to be assumed as true for purposes of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. at 678. Stated differently, the Supreme Court has held that a complaint that consists of nothing more than legal conclusions or formulaic recitations of a cause of action's elements are insufficient for an actionable claim for relief. *Id.* A complaint fails to state a claim when it "consist[s] only of naked assertions, and set[s] forth no facts upon which a court could find a violation of the [law]." *Gregory v. Daly*, 243 F.3d 687, 692 (2d Cir. 2001) (citations omitted). According to *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (*quoting* Fed. Rule Civ. Proc. 8(a)(2)). Consequently, every claim for relief must provide a

minimal level of factual substance demonstrating that the pleader is entitled to the relief demanded. *See id.*

In a case such as this one involving a *pro se* plaintiff, upon a motion to dismiss the court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). The court may also consider allegations that are contained in the plaintiff's opposition papers. *See Burgess v. Goord*, No. 98-cv-2077, 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999) (collecting cases); *see also Kaplan v. New York State Dep't of Corr. Servs.*, No. 99-cv-5856 (JGK), 2000 WL 959728, at *1 (S.D.N.Y. July 10, 2000). "Even in a *pro se* case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis*, 618 F.3d at 170 (citation omitted). Thus, although the court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Id. See also Estevez v. City of New York*, No. 16-cv-0073 (JGK), 2017 WL 1167379, at *1 (S.D.N.Y. Mar. 28, 2017).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS HAVE NOT BEEN PLED WITH SUFFICIENT PARTICULARITY AND SHOULD THEREFORE BE DISMISSED PURSUANT TO RULE 12(B)(6)

Construing the complaint as liberally as possible, it appears the pro se Plaintiff has generally asserted two causes of action against the Defendant. The first cause of action was brought pursuant to 42 U.S.C. § 1983 on the basis of the alleged discharging of Plaintiff by Defendant from BIMC without treatment approximately between March 6, 2017 and March 7,

2017. Plaintiff appears to also generally allege a cause of action sounding in medical malpractice against the Defendant.

Plaintiff has failed to meet the most basic pleading standard even in the light most favorable to Plaintiff and even when construing Plaintiff's Complaint liberally and interpreting Plaintiff's Complaint to raise the strongest arguments that it suggests. With respect to the allegations raised pursuant to 42 U.S.C. § 1983, Defendant is not a "state actor" and did not act "under color of state law" and thus cannot be liable under Plaintiff's cause of action based on 42 U.S.C. §1983. With respect to the medical malpractice claim, Plaintiff has not provided a sufficient level of factual substance demonstrating that he is entitled to the relief demanded. Moreover, Plaintiff cannot sustain a cause of action based on medical malpractice without retaining an expert. In addition, if the Court dismisses the 42 U.S.C. § 1983 claim then the Court would lack jurisdiction over the possible medical malpractice claim. Accordingly, a right to relief has not been reached and the Complaint should be dismissed with prejudice.

### A. Plaintiff's claim based on 42 U.S.C. § 1983 must be dismissed because Defendant is not a state actor.

To state a claim under §1983, a plaintiff must allege that: (1) a right secured to them by the Constitution or federal law was violated; and (2) the alleged violation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). § 1983 does not create any rights, but merely provides "a procedure for redress for the deprivation of rights [already] established." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

"[P]rivate conduct, no matter how discriminatory or wrongful," is not controlled by § 1983, *Am. Mfrs.*, 526 U.S. at 50, except in the limited situations where a "private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012), *quoting Rendell—Baker v. Kohn*, 457 U.S. 830, 838 (1982). "The conduct of

private actors can be attributed to the State" for § 1983 purposes if: "(1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *Hogan v. A.O. Fox Memorial Hosp.*, 346 Fed. App'x. 627, 629 (2d Cir. 2009).

Plaintiff offers no facts to establish that Defendant, a private hospital, meets the state action requirement of § 1983. Even had Plaintiff made any such allegations, they would be unavailing, for it is well-settled in the Southern District of New York that "a private hospital is not considered a state actor for Section 1983 purposes" and thus does not satisfy the "under-color-of-state-law" requirement. *Heicklen v. United States Dep't of Homeland Sec.*, 2011 U.S. Dist. LEXIS 97450, at *20-*21 (S.D.N.Y. Aug. 30, 2011). *See also Morse v. City of New York*, 2001 U.S. Dist. LEXIS 12795, at *20 (S.D.N.Y. Aug. 23, 2001) ("[a]s a general rule, private hospitals do not act under color of state law for § 1983 purposes") (*citing, e.g., Blum v. Yaretsky*, 457 U.S. 991 (1982)); *Liburd v. Bronx Leb. Hosp. Ctr.*, 2008 U.S. Dist. LEXIS 62867, at *21 (S.D.N.Y. Aug. 18, 2008); *Thomas v. Beth Israel Hospital, Inc.*, 710 F.Supp. 935, 940 (S.D.N.Y. Mar. 20, 1989).

Accordingly, dismissal of the 42 U.S.C. § 1983 claim pursuant to Rule 12(b)(6) is necessary due to Plaintiff's inability to allege that Defendant acted under color of state law when it discharged him. *See, e.g., Heicklen*, 2011 U.S. Dist. LEXIS 97450, at *20-*21; *Morse*, 2001 U.S. Dist. LEXIS 12795, at *20; *Liburd*, 2008 U.S. Dist. LEXIS 62867, at *21; *Thomas*, 710 F.Supp. at 940. As a result, Plaintiff is unable to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, even when Plaintiff's Complaint is construed liberally and interpreted to raise the strongest arguments that it suggests. *See id.*; *Chavis*, 618 F.3d at 170. Therefore, any attempt to amend this cause of action would be futile.

## B. Plaintiff has failed to state a cause of action for his medical malpractice claims against Defendant.

Under New York law, medical malpractice requires proof of (1) a deviation or departure from accepted practice, and (2) evidence that the deviation or departure was a proximate cause of injury. *Rodriguez v. Cnty. of Westchester* 2017 U.S. Dist. LEXIS 3892, at *32 (S.D.N.Y. Jan. 11, 2017); *Torres v. City of New York*, 154 F.Supp.2d 814, 819 (S.D.N.Y. Aug. 1, 2001) (citing *Lyons v. McCauley*, 252 A.D.2d 516, 517 (2d Dep't 1998)); *see also Naughright v. Weiss*, 857 F. Supp. 2d 462, 474 (S.D.N.Y. Mar. 8, 2012) (*prima facie* case for medical malpractice requires allegations of a duty of care owed by doctor to plaintiff, a breach of that duty by a deviation from accepted medical practice, and breach proximately caused plaintiff's injury).

Here, Plaintiff's Complaint does not state that Defendant deviated or departed from accepted practice, and does not explicitly state how Defendant's alleged malpractice was a proximate cause of Plaintiff's injuries. Rather, Plaintiff's complaint only alleges in conclusory fashion that he assaulted police officers because he did not receive treatment, including medication, from Defendant for his mental state. See ¶¶II.D.-3 of the Complaint, **Exhibit "A."** Moreover, Plaintiff does not state how Defendant's alleged failure to provide treatment for his mental state constituted malpractice (i.e., a deviation from the standard of care). In other words, Plaintiff has failed to state both elements of a medical malpractice claim. *See Ross v. United States*, 2016 U.S. Dist. LEXIS 132877, at *20-*21 (N.D.N.Y. Sept. 28, 2016).

Plaintiff has not provided a sufficient level of factual substance demonstrating that he is entitled to the relief demanded. Even liberally construing all of Plaintiff's papers to draw the most favorable inferences that the Complaint supports, *see Chavis*, 618 F.3d at 170, the Court will be unable to find that Plaintiff's medical malpractice claim survives a Rule 12(b)(6) motion

to dismiss. Thus, Plaintiff's medical malpractice claim should be dismissed.

### C. Plaintiff cannot establish a prima facie case based on medical malpractice without expert testimony.

In order to establish a prima facie case of medical malpractice, expert testimony will be necessary, *including* for plaintiffs proceeding *pro se*. Indeed, in New York, when the negligence claimed in a medical malpractice case is not within the kin of laymen, the plaintiff must prove through expert medical opinion: (1) the standard of care in the locality where treatment occurred; (2) that the defendant breached that standard of care; and (3) that the breach of the standard was the proximate cause of injury. *Gibson v. D'Amico*, 97 A.D.2d 905, 905 (3rd Dep't. 1983). *See also DeCicco v. Roberts*, 202 A.D.2d 165 (1st Dep't 1994); *Nieves v. City of New York*, 91 A.D.2d 938, 939 (1st Dep't. 1983); *McDermott v. Manhattan Eye, Ear and Throat Hospital*, 15 N.Y.2d 20, 27 (1964).

Plaintiff has not given any indication that he has retained or even conferred with a medical expert in this matter. Without an expert to state that Defendant departed from the standard of care in treating Plaintiff, or was negligent in any other way, Plaintiff cannot prove his case, even under a liberal view of the Complaint that interprets the Complaint to raise the strongest arguments that it suggests. *Chavis*, 618 F.3d at 170. Accordingly, Plaintiff's medical malpractice claims should be dismissed.

### II. LEAVE TO AMEND WOULD BE FUTILE

Leave to amend a complaint should be denied when such amendment would be futile or where the amended complaint would not survive a motion to dismiss. *See Vicioso v. Pisa Bros., Inc.*, 1998 U.S. Dist. LEXIS 9729 (S.D.N.Y. July 1, 1998); *see, e.g., Tocker v. Philip Morris Cos., Inc.*, 470 F. 3d 481, 491 (2d Cir. 2006). Amendment of a complaint is futile where the problem with the claim is substantive and consequently cannot be cured by better pleading. *See*

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The present case is one in which leave to amend would be futile because, as evidenced by the arguments above and based upon a broad interpretation of Plaintiff's allegations in the Complaint, Plaintiff cannot state a claim pursuant to §1983 because Defendant is not a state actor. Stated differently, any further amendment would not change the fact that Defendant is not a state actor. If the Court does dismiss the 42 U.S.C. § 1983 claim, the Court would lack jurisdiction over a medical malpractice claim.

With regard to the medical malpractice claims, even if Plaintiff amended his Complaint to establish the elements of a medical malpractice action, he would still need an expert to establish a prima facie case based on that cause of action. Since Plaintiff has not given any indication that he has retained or even conferred with an expert, any amended Complaint would not survive a motion to dismiss. Accordingly, the Complaint should be dismissed with prejudice and leave to amend the Complaint should be denied.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Defendant's motion to dismiss Plaintiff's Complaint in its entirety with prejudice and without leave to amend, and for such other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
November 14, 2017

Respectfully submitted,

*/s/ Robert L. Isabella*

PETER J. FAZIO (PJF1211)
ROBERT L. ISABELLA (RI0512)
AARONSON RAPPAPORT
FEINSTEIN & DEUTSCH, LLP
Attorneys for Defendant
BETH ISRAEL MEDICAL CENTER s/h/a
BETH ISRAEL HOSPITAL
600 Third Avenue
New York, New York 10016
(212) 593-6700