UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                :

MICHAEL J. JONES, JR,

                     Plaintiff,

              -v -

BETH ISRAEL HOSPITAL,

                  Defendants.

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  05/29/2018

1:17-cv-3445-GHW

CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING
ORDER

GREGORY H. WOODS, United States District Judge:

        The Court adopts this Civil Case Management Plan following a telephone conference with the parties on May 29, 2018.

1.        Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules of Practice in Civil *Pro Se* Cases ("Individual Rules"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

2.        Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order.

3.        The plaintiff shall provide HIPAA-compliant medical records release authorizations to the defendant no later than June 29, 2018.

4.        All fact discovery shall be completed no later than October 26, 2018.

5.        Expert Discovery

        a.        All expert discovery shall be completed no later than December 10, 2018.

        b.        Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by October 26, 2018.  Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by November 9, 2018.

6.        All parties must confer to discuss settlement within 14 days following the close of fact discovery.

7.      Motions for summary judgment, if any, shall be filed no later than 30 days after the close of discovery.  Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery.

To request a pre-motion conference concerning a motion for summary judgment, either party may submit a letter setting forth the grounds for the proposed motion. If the motion is not on consent, the opposing party may submit a letter setting forth its position opposing the request within five days after the request is received. Letters should be filed electronically on ECF if possible, or else mailed to the Court.  Unless otherwise ordered by the Court, letters must not exceed 3 pages.

The Court will promptly determine whether to hold a pre-motion conference in the matter. In cases where the Court sets a post-discovery status conference, the parties may request that the previously scheduled conference also serve as the pre-motion conference.

8.      If neither party wishes to file a motion for summary judgment, a joint pretrial order shall be due 30 days from the close of discovery.  If a motion for summary judgment is filed, the joint pretrial order shall be due 30 days from the Court's decision on such motion.  The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the Court's Individual Rule 5 in Civil Cases.

9.      The Court will hold a status conference by telephone on **January 3, 2019 at 4:30 p.m**.  At least two weeks in advance of the scheduled conference, or no later than December 20, 2018, defense counsel must make arrangements with the warden for plaintiff to appear for the conference by phone.  Defense counsel should request a production order from the Court with sufficient time to make the necessary arrangements.

This order may not be modified or the dates herein extended, except by further order of this Court for good cause shown.  Any application to modify or extend the dates herein shall be made by letter and must state: (1) the original due date; (2) the number of previous requests for an extension of time; (3) the reason for the current request; (4) whether the adversary consents and, if not, the reason given by the adversary for refusing to consent; and (5) proposed alternative dates.  Any such application shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to mail a copy of this order to Plaintiff by certified mail.


SO ORDERED.


Dated:  May 29, 2018
New York, New York                              _____
                                                GREGORY H. WOODS
                                                United States District Judge